TODD A. FREALY (State Bar No. 198780)
MICHELLE S. GRIMBERG (State Bar No. 217327)
LINDSEY L. SMITH (State Bar No. 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Emails: taf@lnbyb.com; msg@lnbyb.com; lls@lnbyb.com

Attorneys for Plaintiff
Edward M. Wolkowitz, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MIR IMAGING, LLC,<br><br>           Debtor. | Case No. 2:08-bk-31925-PC<br><br>Chapter 7 |
| EDWARD M. WOLKOWITZ, Chapter 7 Trustee,<br><br>           Plaintiff,<br><br>v.<br><br>SHAHAB EMRANI,<br><br>           Defendant. | Adv. No. 2:10-ap-03367-PC<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) **AVOIDANCE OF PREFERENTIAL TRANSFERS;**<br>(2) **AVOIDANCE OF FRAUDULENT TRANSFERS;** and<br>(3) **RECOVERY OF AVOIDED TRANSFERS**<br><br>**Continued Status Conference:**<br><br>**[11 U.S.C. §§ 547, 548, and 550]**<br><br>Date: May 24, 2011<br>Time: 9:30 a.m.<br>Place: Courtroom 1539<br>          U.S. Bankruptcy Court<br>          255 E. Temple Street<br>          Los Angeles, CA |

1

**TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Edward M. Wolkowitz, Chapter 7 Trustee (the "Plaintiff") for the bankruptcy estate of *In re Mir Imaging, LLC*, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 547, 548, and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O).

3. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

### PARTIES

4. On December 16, 2008 (the "Petition Date"), debtor Mir Imaging, LLC commenced this case by filing a voluntary petition under Chapter 7 of title 11 of the United States Code.

5. Thereafter, Plaintiff Edward M. Wolkowitz was appointed the Chapter 7 Trustee of the Debtor's bankruptcy estate.

6. Plaintiff is informed and believes, and based thereon alleges that defendant Shahab Emrani ("Defendant") is an individual residing in Los Angeles County and is subject to the jurisdiction of this Court.

///

///

## GENERAL ALLEGATIONS

7.  Plaintiff is informed and believes, and based thereon alleges that at all times relevant hereto, Defendant was a creditor of the Debtor because the Debtor's Schedule F reflects that the Debtor owes $300,000 to the Defendant.

8.  Plaintiff is informed and believes, and based thereon alleges that at all times relevant hereto, Defendant was an insider of the Debtor, in that Plaintiff is informed and believes that Defendant is a partner with Farid Tabibzadeh, the brother of the Debtor's majority owner.

9.  Plaintiff is informed and believes, and based thereon alleges that from October 9, 2007 through December 5, 2008, the Debtor made transfers totaling not less than $340,620.00, to or for the benefit of Defendant (the "Transfers"). The dates and amount of the Transfers are detailed in a chart, a true and correct copy of which is attached hereto as Exhibit "1."

12. Plaintiff is informed and believes, and based thereon alleges that there may be others transfers to Defendant from the Debtor and will amend this complaint to include such additional transfers at such time as they are ascertained.

## FIRST CLAIM FOR RELIEF

### (Avoid Preferential Transfers - 11 U.S.C. § 547(b) and 550(a))

13. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 12 of this Complaint as if set forth in full herein.

14. Plaintiff is informed and believes, and based thereon alleges that the Transfers were of a property interest of the Debtor because the Transfers were made from the Defendant's bank accounts City National Bank, Far East National Bank and other banks as reflected by the Debtor's bank statements.

15. Plaintiff is informed and believes, and based thereon alleges that the Transfers were made to Defendant for the benefit of the Defendant, who was a creditor of the Debtor at the time of the Transfers because the Debtor's Schedule F reflects that the Defendant is owed a claim in the amount of $300,000 for a debt that was incurred by the Debtor in 2007.

///

3

16. Plaintiff is informed and believes, and based thereon alleges that the Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant before the Transfers were made because Debtor's Schedule F reflects that the debt owed by the Debtor was incurred by the Debtor in 2007 and therefore the Transfers were made for or on account of this antecedent debt.

17. Plaintiff is informed and believes, and based thereon alleges that the Transfers were made while the Debtor was insolvent.

18. Plaintiff is informed and believes, and based thereon alleges that $18,640 of the Transfers were made within ninety (90) days before the Petition Date. See attached Exhibit "1" for details of the Transfers including dates and amounts.

19. Plaintiff is informed and believes, and based thereon alleges that $321,980.00 of the Transfers were made between ninety (90) days and one year before the Petition Date. See attached Exhibit "1" for details of the Transfers including dates and amounts.

20. Plaintiff is informed and believes, and based thereon alleges that at the time of the Transfers, the Defendant was an insider of the Debtor.

21. Plaintiff is informed and believes, and based thereon alleges that the Transfers enabled Defendant to receive more than he would have received if:

    (a) the case were a case under chapter 7 of Title 11;

    (b) the Transfers had not been made; and

    (c) Defendant received payment of the debt to the extent provided under Title 11 of the United States Code.

22. Accordingly, the Transfers may be avoided pursuant to 11 U.S.C. § 547(b).

23. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided and recovered for the benefit of the Debtor's creditors.

///

///

## SECOND CLAIM FOR RELIEF

**(To Avoid Fraudulent Transfers - 11 U.S.C. § 548(a)(1)(A) and 550(a))**

24. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 12 of this Complaint as if set forth in full herein.

25. The Transfers were made within two years before the Petition Date, between October 9, 2007 through December 5, 2008.

26. Plaintiff is informed and believes, and based thereon alleges that the Transfers were made by Debtor to Defendant with the actual intent to hinder, delay or defraud Debtor's creditors.

27. The Transfers constitute fraudulent transfers under 11 U.S.C. § 548 and therefore are avoidable by the Plaintiff.

## THIRD CLAIM FOR RELIEF

**(To Avoid Fraudulent Transfers - 11 U.S.C. § 548(a)(1)(B) and 550(a))**

28. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 12 of this Complaint as if set forth in full herein.

29. Plaintiff is informed and believes, and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the Transfers.

30. Plaintiff is informed and believes, and based thereon alleges that the Debtor was insolvent on the dates that the Transfers were made, or became insolvent because of the Transfers.

31. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfers, the Debtor was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

32. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfers, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

33. Plaintiff is informed and believes, and based thereon alleges that by virtue of the

Transfers, the Debtor made such Transfers to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

34. The Transfers constitute fraudulent transfers under 11 U.S.C. § 548 and therefore are avoidable by the Plaintiff.

## FOURTH CLAIM FOR RELIEF

### (To Recover Avoided Transfers - 11 U.S.C. § 550)

35. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 34 of this Complaint as if set forth in full herein.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendant was the initial transferee of the Transfers because the Transfers were paid directly to the Defendant from the Debtor as reflected by the Debtor's bank statements.

37. Upon avoidance of the Transfers, Plaintiff is entitled to recover from Defendant the Property transferred or the value of the Property transferred, for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

On the First Claim for Relief:

A. For a determination by the Court that the Transfers were preferential transfers within the meaning of 11 U.S.C. §§ 547 and 550;

B. For a judgment against Defendant avoiding the Transfers and recovering the transferred Property or the value of such Property for the benefit of the Debtor's bankruptcy estate; and

C. For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

D.  For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550;

E.  For a judgment against the Defendant avoiding the Transfers and recovering the transferred Property or the value of such Property for the benefit of Debtor's bankruptcy estate; and

F.  For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief:

G.  For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 548(a)(1)(B) and 550;

H.  For a judgment against the Defendant avoiding the Transfers and recovering the transferred Property or the value of such Property for the benefit of Debtor's bankruptcy estate; and

I.  For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief:

J.  For a judgment granting Plaintiff the right to recover the Transfers or the value of the Transfers from Defendant; and

K.  For such other and further relief as the Court deems just and proper.

As to All Claims for Relief:

L.  The Plaintiff seeks pre-judgment and post-judgment interest, attorneys' fees, costs of suit, and all other amounts allowed by law.

DATED: March 31, 2011

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: _____
TODD A. FREALY
MICHELLE S. GRIMBERG
LINDSEY L. SMITH
Attorneys for Plaintiff
Edward M. Wolkowitz, Chapter 7 Trustee

7

## EXHIBIT 1

| Date of Payment | Amount of Payment |
|---|---|
| 10/9/2007 | $250,000 |
| 10/9/2007 | $50,000 |
| 5/30/2008 | $4,660 |
| 6/27/2008 | $4,660 |
| 7/16/2008 | $4,660 |
| 8/7/2008 | $4,660 |
| 9/18/2008 | $4,660 |
| 10/14/2008 | $4,660 |
| 11/13/2008 | $4,660 |
| 12/16/2008 | $4,660 |

EXHIBIT 1 PAGE 8

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as **FIRST AMENDED COMPLAINT FOR: (1) AVOIDANCE OF PREFERENTIAL TRANSFERS; (2) AVOIDANCE OF FRAUDULENT TRANSFERS; and (3) RECOVERY OF AVOIDED TRANSFERS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **Fill in Date Document is Filed,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL** (indicate method for each person or entity served):
On **March 31, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Peter H. Carroll
U.S. Bankruptcy Court
255 E. Temple St., #1534
Los Angeles, CA 90012

Adam Telanoff
1025 N Brand Blvd., Ste. 225
Glendale, CA 91202

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **Fill in Date Document is Filed,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 31, 2011 | Katie Finn | *Katie Finn* |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                   **F 9013-3.1.PROOF.SERVICE**